STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2022 CA 1112

STEPHEN J. HOLLIDAY, ET AL

VERSUS

THE ESTATE OF BETSY BEAUBOUEF, RUDOLPH BEAUBOUEF, IN HIS
CAPACITY OF ADMINISTRATOR OF THE ESTATE, DAVID BEAUBOUEF
AND MICHELLE M. JONES BEAUBOUEF, RUDOLPH BEAUBOUEF, JR.,
THE UNIVERSTIY CLUB PLANTATION HOMEOWNERS' ASSOCIATION,
INC., LIBERTY PERSONAL INSURANCE COMPANY, AND STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY

**Judgment Rendered: APR 18 2023**

* * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit Number 700813

Honorable Wilson E. Fields, Presiding

* * * * * *

| | |
|---|---|
| Carey R. Holliday<br>Baton Rouge, LA | Counsel for Plaintiff/Appellant<br>Stephen J. Holliday |
| Mickey S. DeLaup<br>James K. Sticker<br>Travis J. Beslin<br>Metairie, LA | Counsel for Defendants/Appellees<br>David Beaubouef & Michelle M. Jones |
| and | |
| D. Russell Holwadel<br>Heather England Reznik<br>New Orleans, LA | |
| J. Murphy DeLaune<br>Baton Rouge, LA | Counsel for Defendant/Appellee<br>State Farm Mutual Automobile<br>Insurance Company |

Renee M. Credeur
Brad J. Brumfield
Baton Rouge, LA

Counsel for Defendants/Appellees
Rudolph Beaubouef, Rudolph
Anthony Beaubouef, & the Estate of
Betsy Beaubouef

\* \* \* \* \* \*

BEFORE: GUIDRY, C.J., THERIOT, AND CHUTZ, JJ.

\* \* \* \* \* \*

2

**GUIDRY, C.J.**

Plaintiffs/Appellants, Stephen J. Holliday and Hollea Holliday, individually and on behalf of their minor child, James Hollis Holliday, appeal from a judgment of the trial court sustaining an exception raising the objection of no cause of action filed by defendants/appellees, David Beaubouef and Michelle M. Jones, and dismissing plaintiffs' claims against them with prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On October 31, 2019, Stephen Holliday was riding as a passenger on a four-wheeled vehicle that was pulling a trailer around their neighborhood, the University Club, for trick-or-treating. The trailer was hauling both children and adult passengers, including Stephen's wife, Hollea, and their son, James. While stopped on Memorial Tower Drive, Stephen exited the four-wheeler and was standing next to the trailer when he was struck by a vehicle being driven by Betsy Beaubouef. Hollea, who was sitting in the trailer, was also struck by Ms. Beaubouef's sideview mirror. Both Stephen and Hollea sustained injuries from the accident.

Thereafter, plaintiffs filed a petition for damages naming as defendants, among others, the estate of Ms. Beaubouef; Rudolph Beauboeuf, Ms. Beaubouef's former spouse; David Beaubouef and Michelle M. Jones Beaubouef; and University Club Plantation Homeowners Association, Inc.[1] Plaintiffs alleged that at the time of the accident, Ms. Beaubouef had just left the residence of her son and daughter-in-law, David and Michelle, which was located some 150-200 feet up the road. Plaintiffs alleged that Ms. Beaubouef was intoxicated at the time of the accident and that David and Michelle had hosted a party and supplied sufficient alcohol to Ms. Beaubouef such that she was unable to safely operate her motor vehicle. Plaintiffs

---

[1] University Club Plantation Homeowners Association, Inc. was erroneously named as University Club Plantation Homeowner's Club, Inc. in plaintiffs' petition.

alleged that David and Michelle were not subject to immunity and were liable to plaintiffs for supplying alcoholic beverages to Ms. Beaubouef, whose intoxication caused injuries to plaintiffs, and for failing to prevent Ms. Beaubouef from operating her motor vehicle when they knew, or should have known, that she was too intoxicated to drive. Plaintiffs further alleged it is tradition in University Club subdivision to provide alcoholic beverages to adults as well as candy to trick-or-treaters on Halloween, thereby effectuating a gathering on a premises that extended to the entire neighborhood.

Thereafter, David and Michelle filed an exception raising the objection of no cause of action, asserting that based on the facts as alleged in the petition, and the immunity from liability provided to social hosts by La. R.S. 9:2800.1, plaintiffs' petition is devoid of any factual allegations sufficient to state a cause of action against them.

Following a hearing on the exception, the trial court signed a judgment on April 13, 2021, sustaining the exception and granting plaintiffs thirty days to amend their petition to state a cause of action against David and Michelle. Thereafter, on May 3, 2021, plaintiffs filed a First Supplemental Petition, adding paragraphs alleging that Ms. Beaubouef had urged that she suffered from a mental deficiency or dementia such that she lacked the ability to determine right from wrong and that such dementia was the proximate cause of her actions and plaintiffs' injuries, that David and Michelle knew or should have known of the mental condition suffered by Ms. Beaubouef, that David and Michelle had a duty to stop Ms. Beaubouef from leaving their home, and that the breach of this duty was the proximate cause of plaintiffs' injuries.

David and Michelle thereafter filed another exception raising the objection of no cause of action in response to plaintiffs' first supplemental petition, asserting plaintiffs' petition still contained all of the prior allegations that the trial court

4

already ruled were insufficient to state a cause of action against David and Michelle, and the new allegations regarding alleged dementia and duty of David and Michelle were devoid of factual or legal support and failed to state a cause of action.

Following a hearing, the trial court signed a judgment on May 26, 2022, sustaining the exception and dismissing plaintiffs' claims against David and Michelle with prejudice. Plaintiffs now appeal from the trial court's judgment, asserting the trial court erred in sustaining the exception and misinterpreting La. R.S. 9:2800.1 to bar the cause of action against David and Michelle.[2]

## DISCUSSION

The function of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Stevens v. St. Tammany Parish Government, 19-1555, p. 10 (La. App. 1st Cir. 4/8/21), 322 So. 3d 1268, 1278, writ denied, 21-00800 (La. 11/3/21), 326 So. 3d 898. The exception is triable on the face of the pleading, and for purposes of determining issues raised by the exception, the well-pleaded facts in the pleading must be accepted as true. Terrebonne Parish Consolidated Government v. Louisiana Department of Natural Resources, 21-0486, p. 6 (La. App. 1st Cir. 12/30/21), 340 So. 3d 940, 944. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. Succession of King, 21-1386, p. 3 (La. App. 1st Cir. 4/28/22), 342 So. 3d 367, 370, writ denied, 22-01081 (La. 10/18/22), 348 So. 3d 730. In reviewing a trial court's ruling sustaining an exception raising the objection of no cause of action, appellate courts conduct a *de novo* review, because the exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition. Stevens, 19-1555 at p. 10, 322 So. 3d at 1279.

---

[2] Plaintiffs do not raise on appeal any error by the trial court in failing to find that they stated a cause of action with regard to Ms. Beaubouef's alleged mental deficiency. As such, that issue is not before this court on appeal.

5

In the instant case, plaintiffs filed a supplemental petition alleging that David and Michelle were liable for their injuries because they hosted a Halloween party and supplied sufficient alcohol to Ms. Beaubouef such that Ms. Beaubouef was unable to safely operate her motor vehicle. Plaintiffs further alleged that David and Michelle are not subject to immunity and are liable to plaintiffs for supplying alcoholic beverages to Ms. Beaubouef at their party and for failing to prevent Ms. Beaubouef from operating her motor vehicle when they knew, or should have known, that she was too intoxicated to drive.

In 1986, the Louisiana Legislature enacted La. R.S. 9:2800.1, entitled "Limitation of liability for loss connected with sale, serving, or furnishing of alcoholic beverages," with the express purpose of placing the responsibility for consequences of intoxication on the intoxicated person, rather than the server of the alcohol. Aucoin v. Rochel, 08-1180, p. 7 (La. App. 1st Cir. 12/23/08), 5 So. 3d 197, 201, writ denied, 09-0122 (La. 3/27/09), 5 So. 3d 143. Subsection (A) of La. R.S. 9:2800.1 provides, specifically, that "the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury ... inflicted by an intoxicated person upon himself or upon another person." In furtherance of this stated goal, La. R.S. 9:2800.1(C)(1) provides:

> Notwithstanding any other law to the contrary, no social host who serves or furnishes any intoxicating beverage of either high or low alcoholic content to a person over the age for the lawful purchase thereof shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were served or furnished.

Louisiana Revised Statutes 9:2800.1 is referred to as "anti-dram shop" legislation because it provides absolute immunity to vendors and social hosts who serve alcoholic beverages to a person over the age for lawful purchase thereof. See Mayhorn v. McKinney, 34,789, p. 7 (La. App. 2nd Cir. 6/20/21), 793 So. 2d 225,

6

229. The only exceptions to the limitation of liability expressly provided for are when alcoholic beverages are sold or served to minors and to any person who causes or contributes to the consumption of alcoholic beverages by force or by falsely representing that a beverage contains no alcohol. See Aucoin, 08-1180 at p. 8, 5 So. 3d at 201.

The factual allegations as contained in plaintiffs' supplemental petition show that David and Michelle were social hosts who provided alcoholic beverages at their Halloween party to Ms. Beaubouef, who was over the lawful age for purchase of alcoholic beverages. Furthermore, the injury to plaintiffs was alleged to have occurred "some 150-200 feet up the road" from David and Michelle's residence. As such, we find that the clear language of La. R.S. 9:2800.1 (C)(1) provides immunity to David and Michelle, and the trial court correctly sustained David and Michelle's exception raising the objection of no cause of action.[3]

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to plaintiffs, Stephen J. Holliday and Hollea Holliday, individually and on behalf of their minor child, James Hollis Holliday.

**AFFIRMED.**

---

[3] Plaintiffs raise on appeal that "premises" is not defined in La. R.S. 9:2800.1 and the trial court erred in its interpretation of that term. However, we find that the plaintiffs' supplemental petition failed to set forth any facts alleging that David and Michelle's particular party extended beyond their residence. The court is not required to accept conclusory allegations or allegations of law as true for purposes of ruling on an exception of no cause of action. Christian Schools, Inc. v. Louisiana High School Athletic Association, 20-0762, p. 5 (La. App. 1st Cir. 5/18/22), 342 So. 3d 1068, 1072, writ denied, 22-01015 (La. 10/12/22), 348 So. 3d 78. As such, we find plaintiffs' argument in this regard to be without merit.